The opinion of the Court was delivered by
Mr. Justice Gantt.
This was a special action on the case, for. an injury which the plaintiff sustained, by a breach of contract, entered into between him and the defendant. Had the contract been fulfilled on the part of the plaintiff, and the action had been brought for the wages to which the plaintiff might have entitled himself by an inland waggage to Richmond, there might, in such case, have been some little plausibility in the first ground as stated; but even in that case, it would have been considered as an immaterial variance,'as the cotton to be carried was to be paid for at the rate of so much per hundred. There were mutual promises; the plaintiff,on his part, agreed to carry *403 a load of cotton for the defendant from Lancaster to Richmond; the defendant agreed to pay him for this service at the rate of five dollars per hundred. The plaintiff made the necessary preparations for the journey, did actually take in a part of the load, when the defendant discharged him, refusing to fulfil his part of the contract or agreement. The law says, that, in such case, he who was ready, and offered to perform his part, hut was discharged by the other, may maintain an action against the other, for not performing his part of the agreement. (Douglass, 684.)
As to the 2d ground, the facts stated to have been immaterial and unnecessary, as charged in the declaration, appear to me to have been otherwise. They were substantiallyproven on the trial, and furnished the basis upon which the action on the case was bottomed. Upon the whole, I am of opinion that the defendant may think himself fortunate, in having so easily gotten rid of this losing bargain. I am of opinion, that he has not the shadow of pretence for bringing this appeal.
The presiding Judge took a very correct view of the case, and properly overruled the motion for a nonsuit; and I am equally decided, that his appeal to this Court should be also overruled.
Grimfcé, Colcoclc, Cheves, JVott, and Johnson, J. concurred.